NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BELAL IBRAHIM AND BAHA IBRAHIM, | Civil No.: 25-13325 (KSH)(LDW) |
| *Plaintiffs*, | |
| v. | |
| AARON SMITH, S&H EXPRESS, INC., JOHN DOE 1-10 (name being fictitious), JANE DOE 1-10 (name being fictitious), XYZ CORP 1-10 (name being fictitious), | **OPINION** |
| *Defendants*. | |

**Katharine S. Hayden, U.S.D.J.**

**I.    Introduction**

Before the Court is a motion by plaintiffs Belal Ibrahim and Baha Ibrahim to remand this action to state court based on the timeliness of the removal.  (D.E. 5.)  Because the Court finds that defendants' removal was timely for the reasons set forth below, the motion is denied.

**II.    Background**

This is a personal injury action arising out of a March 16, 2023 motor vehicle accident between plaintiffs and defendant Aaron Smith.  (D.E. 1 & Ex. C, Superior Court Compl.) Plaintiffs sued in state court on March 12, 2025, alleging that Smith's negligence while he was acting within the scope of his employment with defendant S&H Express caused them "to suffer and sustain severe personal injuries, both temporary and permanent in nature, . . . [to] suffer severe pain, anguish and emotional distress, . . . incapacitat[ion], . . . [and] to expend substantial sums of money for medical treatment in an effort to relieve [their] pain and cure [their] injuries." (*Id.* at First Court ¶¶ 2-8, Third Count ¶¶ 2-9.)  Plaintiffs also allege that their "normal activities

1

and occupations" are "limited and restricted" due to their injuries. (*Id.* at First Court ¶ 8, Third Count ¶ 9.)

In addition to Smith and S&H Express, plaintiffs sued Geico Insurance Company, Penske Truck Leasing—the owner of Smith's truck—and fictitious individual and corporate defendants. (*See id.* at First Count ¶¶ 3, 5, Second Count ¶¶ 1-5.)  The complaint stated that Geico "is an insurance company of the State of New Jersey and is authorized to do business and doing business in Essex County, New Jersey." (*Id.* at First Count ¶ 1.)  It otherwise did not list the plaintiffs' or defendants' addresses or states of incorporation. (*See generally id.*)

Defendants answered on May 22, 2025 and requested a formal statement of damages under Rule 4:5-2 of the New Jersey Court Rules. (D.E. 1 & Ex. D, Superior Court Answer, at 10.)  On June 9, Geico filed a motion to dismiss for lack of subject matter jurisdiction, and was dismissed without prejudice. (D.E. 1, Notice of Removal ¶¶ 4-5 & Ex. E, 7/3/25 Order of Dismissal.)

On July 17, 2025, defendants filed a notice of removal with this Court, asserting that the dismissal of Geico—which, according to the complaint, was a New Jersey company—created diversity of citizenship under 28 U.S.C. § 1332. (D.E. 1.)  Defendants alleged that prior to Geico's removal there was no diversity since plaintiffs are residents of New Jersey. (*Id.* ¶ 1 & Ex. A, Crash Report.)  The notice of removal lists the remaining defendants—Smith, S&H Express, and Penske Truck Leasing—as residents of Pennsylvania. (*Id.*)  And defendants contend that a reasonable reading of the complaint establishes that the amount in controversy exceeds $75,000 "where Plaintiffs expressly plead that this is an action involving each of them with claims for multiple severe and permanent injuries, emotional past and future medical costs related to treatments, pain and suffering, and employment limitations." (*Id.* ¶ 10.)

2

On August 2, 2025, plaintiffs filed this motion.  (D.E. 5.)  Plaintiffs' primary argument is that Geico is incorporated and headquartered in Maryland and so diversity of citizenship always existed.  (D.E. 5-2, Mov. Br., at 2.)  As such, plaintiffs submit that defendants' notice of removal is untimely since it was not filed within 30 days of March 12, 2025.  (*Id.* at 1-2.)  Defendants respond[1] that plaintiffs' complaint failed to assert the parties' addresses and principal places of business in order to avoid removal and incorrectly listed Geico as a New Jersey insurance company.  (D.E. 6-1, Opp., at 17-19.)  As a result, defendants argue they first ascertained that the case became removable on July 3, 2025, when the state court dismissed Geico.  (*Id.* at 19.)

III.    **Motion to Remand**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441.  The removing party bears the burden of proving that jurisdiction exists.  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  Here, defendants base removal on 28 U.S.C. § 1332(a), which provides that a federal court has subject matter jurisdiction over a civil action where (1) the amount in controversy exceeds $75,000 and (2) the matter is between citizens of different states. 28 U.S.C. § 1332(a).  Neither party disputes that both requirements are met.

A defendant has 30 days to file a notice of removal after receiving the complaint.  28 U.S.C. § 1446(b)(1).  "[W]hether removal is timely under § 1446(b) depends on 'whether a document the defendant receives informs the reader, to a substantial degree of specificity, that all

---

[1] Defendants filed both an opposition to remand and a cross-motion for summary judgment on behalf of Penske Truck Leasing alone.  (D.E. 6.)  On November 21, 2025, the parties jointly agreed to dismiss Penske Truck Leasing from the action.  (D.E. 16.)  The Court approved this joint stipulation, dismissed Penske Truck Leasing from the case, and approved defendants' withdrawal of Penske Truck Leasing's motion for partial summary judgment.  (D.E. 18, 19.)  As plaintiffs' reply (D.E. 7) only focuses on that motion for partial summary judgment, the Court does not consider it in the present motion.

the elements of federal jurisdiction are present.'" *McLaren v. UPS Store Inc.*, 32 F.4th 232, 238 (3d Cir. 2022) (citation modified) (quoting *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993)).  In making this determination, the court must "focus on what a defendant receives, and not on what knowledge it possesses." *Id.*  "This approach saves courts from 'arduous inquiries into defendants' state of mind,'" and prevents "mini-trial[s]" as to what a defendant knew. *Id.* at 238-39 (first quoting *Foster*, 986 F.2d at 53; and then quoting *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)).

The 30-day statutory clock in § 1446(b)(1) doesn't start unless the four corners of the complaint provide facts from which a defendant could ascertain federal subject matter jurisdiction exists. *See id.* at 238 ("Here, because the four corners of each complaint Defendants received did not provide facts from which they could ascertain federal subject matter jurisdiction, the (b)(1) clock never began to run."); *Foster*, 986 F.2d at 53 ("The [§ 1446(b)(1)] inquiry begins and ends within the four corners of the pleading.").

If the initial pleading does not show that the case is removable, then a case may be removed "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  Like § 1446(b)(1), § 1446(b)(3) focuses on documents that are "recei[ved] by the defendant." *McLaren*, 32 F.4th at 238.  And "[a]lthough a defendant has a duty to 'apply a reasonable amount of intelligence to its reading' of the documents it receives, it has no duty 'to search its own business records or perform an independent investigation into a plaintiff's indeterminate allegations to determine removability.'" *Id.* at 240 (quoting *Gibson v. Clean Harbors Env't Servs., Inc.*, 840 F.3d 515, 519 (8th Cir. 2016)).

## IV.    Discussion

This complaint represented in its first paragraph that Geico "is an insurance company of the State of New Jersey and is authorized to do business and doing business in Essex County, New Jersey." (D.E. 1 & Ex. C, First Count ¶ 1.)  The question becomes whether the complaint failed to provide facts showing that all plaintiffs were diverse from all defendants.  As indicated, the complaint omitted the addresses of any of the plaintiffs or defendants, and as a consequence, the 30-day clock never began to run.

The next inquiry is whether Geico's dismissal on July 3, 2025 constituted the first time defendants could "ascertain[] that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Defendants contend they knew by then that plaintiffs were residents of New Jersey because their addresses were listed in the police report following the accident.  (D.E. 6-1, Opp., at 17-19.)  Geico—held out by plaintiffs to be a New Jersey defendant—defeated complete diversity.  Its dismissal created a basis for defendants to remove, and their removal on July 17, 2025, two weeks later, was timely.  In so holding, the Court finds that it is immaterial that Geico was never a New Jersey corporation.  The complaint stated that it was, and following the holding in *McLaren*, the Court only looks at the four corners of the complaint and the documents a defendant receives.  32 F.4th at 238.  This defeats plaintiffs' argument that removal was always an option, especially when it was information that plaintiffs supplied in the complaint that stayed defendants' filing for removal and operated as a bar until Geico was dismissed.

**V.       Conclusion**

For the foregoing reasons, plaintiffs' motion to remand (D.E. 5) is denied.  An

appropriate order accompanies this opinion.


Dated: March 26, 2026                                   */s/ Katharine S. Hayden*
                                                         Katharine S. Hayden, U.S.D.J.